UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALI AL-SHARRAK,<br><br>                            Plaintiff,<br><br>   v.<br><br>CVS PHARMACY, INC.,<br><br>                            Defendant. | Case No. 14-cv-246-W(RBB)<br><br>**ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

      On December 27, 2013, Plaintiff Sali Al-Sharrak commenced this employment action in the San Diego Superior Court against Defendant CVS Pharmacy, Inc. Plaintiff asserts seven causes of action arising from the termination of her employment and health-care coverage that occurred on the same day she went on maternity leave. On February 2, 2014, Defendant removed this action to this Court. The removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

      For the following reasons, the Court finds that Defendant's Notice of Removal is deficient and **REMANDS** this action to the San Diego Superior Court.

//

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." Id. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted); see also Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Sygenta Crop Prot. v. Henson, 537 U.S. 28, 32 (2002); O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566; see also Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 n.3 (9th Cir. 1990); O'Halloran, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566.

Although there has not been a request to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. Demery v. Kupperman, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 593 (2004) (quoting United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

//
//

## II. ANALYSIS

In attempting to invoke this Court's diversity jurisdiction, the defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). In cases in which the plaintiff's state-court complaint does not specify an exact damage figure, the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Defendant fails to satisfy that requirement. See 42 U.S.C. § 1332.

Plaintiff alleges seven causes of action, including, among others, violations of pregnancy disability leave law, sex / pregnancy discrimination, and wrongful termination. As Defendant summarizes, "Plaintiff seeks as damages lost past and future earnings, other economic damages, as well past and future medical costs related to the treatment of her alleged physical and mental injuries." (Removal Notice ¶ 12.) Defendant contends that "when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not far exceeds the $75,000 jurisdiction requirement." (Id. ¶ 18.) The Court disagrees.

Defendant attempts to address all of the relief sought in its Notice of Removal. Supported by two declarations from CVS Pharmacy, Defendant calculates Plaintiff's lost wages to be "at least $16,500" as of the date of removal, increasing by $1,500 per month assuming that she would have continued to work 21 hours per week at $17.64 per hour. (Removal Notice ¶ 13.) It is important to emphasize that the $1,500 per month figure is an injury that Plaintiff has not yet sustained. Defendant also adds that Plaintiff seeks injunctive relief and two $750 penalties under California Labor Code §§ 226(f) and 1198.5(k). (Id. ¶ 16.) These monetary values provided add up to $18,000,

which Defendant shows is more likely than not a part of the amount in controversy. See Sanchez, 102 F.3d at 404.

Addressing emotional distress and punitive damages, Defendant merely states that Plaintiff "claims general damages for emotional distress" and "also alleges she is entitled to relief." (Removal Notice ¶¶ 14–15.) Regarding the latter, "[i]t is well established that punitive damages are part of the amount in controversy in a civil action." Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001), *holding modified by* Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005). However, Defendant fails to show through any evidence or allegations in the complaint that either requests for relief more likely than not amount to any particular value. In other words, the value of both requests for relief are completely unknown.

Lastly, Defendant discusses Plaintiff's request for attorneys' fees. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). However, "courts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd., No. CV 12-02972, 2012 WL 2373372, at *19 (C.D. Cal. June 22, 2012) (citing to various cases); see also Reames v. AB Car Rental Servs., Inc., 899 F. Supp. 2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue."). Regardless which approach the Court applies, Defendant ultimately fails to direct the Court to any evidence or allegations that allows it to calculate attorneys' fees. Merely stating that "Plaintiff's attorneys' fees for discovery and the trial of this case will likely exceed $75,000 alone" is conclusory and insufficient. That proposition standing

alone does not show that attorneys' fees will more likely than not amount to over $57,000, let alone $75,000, as Defendant contends. See Sanchez, 102 F.3d at 404.

Defendant is able to show that the amount in controversy is at least $18,000. (See Removal Notice ¶¶ 13, 16.)  But it fails to account for the additional $57,000 needed to invoke diversity jurisdiction.[1]  See 28 U.S.C. § 1332.  Without greater support, and because there is doubt as to the right of removal, federal jurisdiction must be rejected.  See Gaus, 980 F.2d at 566.

### III.   CONCLUSION & ORDER

Defendant fails to provide an adequate explanation supported by evidence that the amount in controversy exceeds the jurisdictional threshold.  Therefore, the Court **REMANDS** this action to the San Diego Superior Court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS SO ORDERED.**

DATE: February 4, 2014

_____
**HON. THOMAS J. WHELAN**
United States District Court
Southern District of California

---

[1] The Court notes that Defendant's attempt to assign a value for attorneys' fees ("exceed[s] $75,000 alone") that is over three times of the current stated amount in controversy (approximately, $18,000) particularly strains credulity when asserted without any evidentiary or other factual support.